IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| HOSSEIN & LADAN MANESH<br>    *Plaintiff,* | §<br>§<br>§ | |
| v. | § | CIVIL ACTION NO. 5:17-cv-1213 |
| NATIONWIDE GENERAL<br>INSURANCE COMPANY<br>    *Defendant.* | §<br>§<br>§<br>§ | |

## NOTICE OF REMOVAL

Defendant Nationwide General Insurance Company ("Defendant"), through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, files this Notice of Removal of the lawsuit captioned *Hossein & Ladan Manesh v. Nationwide General Insurance Company*; Cause No. 2017CI19304, in the 45th Judicial District of Bexar County, Texas.

## I.
## BACKGROUND

1. Plaintiffs Hossein & Ladan Manesh (hereinafter "Plaintiffs") initiated the present action by filing their Original Petition in Cause No. 2017CI19304, in the 45th Judicial District of Bexar County, Texas on October 6, 2017 (the "State Court Action"). *See* Plaintiffs' Original Petition, attached as **Exhibit A**.

2. Defendant appeared and answered on November 27, 2017, asserting a general denial to the claims and allegations made in Plaintiffs' Original Petition. *See* Defendant's Original Answer, attached as **Exhibit B**.

3. Pursuant to 28 USC § 1446(a) all a copy of all process, pleadings, and orders served upon Defendant in the State Court Action are incorporated in **Exhibit A**.

4.      Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Defendant will give written notice of the removal to Plaintiffs through their attorney of record, and to the clerk of the 45th Judicial District of Bexar County, Texas.

5.      Pursuant to 28 USC §§ 1446(b)(1) and 1446(c)(1) this Notice of Removal has been timely filed within 30 days of service on Defendant of Plaintiffs' Original Petition and less than one year after the commencement of this action.

## II.
## JURISDICTION

6.      This Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and the matter is removable to this Court pursuant to 28 U.S.C. § 1441(a) because there is complete diversity of citizenship between the properly joined parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

**A.     Diversity of Parties**

7.      Plaintiffs are domiciled in Bexar County, Texas.  Pursuant to 28 U.S.C. § 1332(a), therefore, Plaintiffs are citizens of the State of Texas.

8.      Nationwide General Insurance Company is organized under the laws of Ohio and maintains its principal place of business in Columbus, Ohio.  Pursuant to 28 U.S.C. § 1332(c)(1), therefore, Nationwide is a citizen of the State of Ohio.

9.      Accordingly, there is complete diversity between the parties pursuant to 28 U.S.C. § 1332(a).

**B.     Amount in Controversy**

10.     Plaintiffs' Original Petition states that Plaintiffs seek "less than $75,000, exclusive of interest and costs." *See* Plaintiffs' Original Petition, **Exhibit A**, ¶ XIV.  However, Texas law does

not permit a plaintiff to plead a specific amount of damages.[1]  Rule 47 of the Texas Rules of Civil Procedure requires an initial pleading to elect from among a pre-defined set of ranges of damages; the rule does not permit a plaintiff to plead that the amount in controversy does not exceed $75,000 at this time.[2]  Plaintiffs' Original Petition fails to comply with Rule 47 of the Texas Rules of Civil Procedure.  A bare assertion in a pleading that damages do not exceed $75,000, without more, is not binding on Plaintiff and does not determine the amount in controversy for purposes of determining federal jurisdiction.[3]

11.   Courts may look past the pleadings to analyze a plaintiff's pre-suit demand as well as all categories of damages sought in the lawsuit, including punitive damages.[4]  Here, this analysis plainly sets the amount in controversy past the $75,000 threshold for this Court's jurisdiction.[5]

12.   Plaintiff's pre-suit demand claims economic damages of $206,876.00, 18% penalty interest of $37,237.68, and attorney's fees of $68,269.08.[6],[7]  The amount of Plaintiffs' demand does not end the inquiry, however, as penalties and exemplary damages are also

---

[1] Tex. R. Civ. P. 47(b)-(c).

[2] *See* Plaintiff's Original Petition, Rec. Doc 1-1; *see also De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1410 (5th Cir. 1995); *Ford v. U. Parcel Serv., Inc.,* Civ. No. 3:14-CV-1872-D, 2014 WL 4105965 at *2 (N. D. Tex. Aug. 21, 2014) (Fitzwater, J.) (There is no provision in Rule 47 permitting a plaintiff to plead for damages "not to exceed $74,000"), *Chavez v. State Farm Lloyds*, Civ. No. 7:15-CV-487, 2016 WL 641634 at *2 (S.D. Tex. Feb. 18, 2016) (Alvarez, J.) (Texas law simply does not permit a plaintiff to plead that he or she seeks damages not to exceed $75,000).

[3] *Ford v. U. Parcel Serv., Inc.*, 2014 WL 4105965 at *4.

[4] *See Villarreal v. State Farm Lloyds*, Civ. No. 7:15-cv-292, 2015 WL 5838876 at *2 (S.D. Tex. Oct. 7, 2015) (Alvarez, J.).

[5] *See* **Exhibit C**, Plaintiff's demand letter dated December 27, 2016;  *See also Molina v. Wal-Mart Stores Texas, L.P.*, 535 F. Supp. 2d 805, 807-08 (W.D. Tex. 2008) (Martinez, J.) (considering pre-suit demand to establish amount in controversy).

[6] *See Id.*

[7] *See* **Exhibit C**, Plaintiff's demand letter dated December 27, 2016.

included as part of the amount in controversy.[8] Plaintiffs' Original Petition alleges knowing conduct as a predicate for additional damages under the Texas Insurance Code, as well as an entitlement to exemplary damages.[9] Statutory additional damages could treble Plaintiff's economic damage claims,[10] and exemplary damages could be as high as at least $200,000.[11] In addition, Plaintiffs also seek prejudgment and post-judgment interest, 18% penalty interest, and attorney's fees.[12] Penalties, exemplary damages, and attorneys' fees are included as part of the amount in controversy.[13]

13. The amount in controversy plainly exceeds $75,000, exclusive of interest and costs. *See* **Exhibit A & C**. Accordingly, the amount in controversy requirement of 28 U.S.C. § 1332(b) is satisfied.

### III.
### CONCLUSION

14. Removal of this action under 28 U.S.C. § 1441(a) is proper as the district courts of the United States have original jurisdiction over the matter pursuant to 28 U.S.C. § 1332, and as all requirements for removal under 28 U.S.C. § 1446 have been meet.

15. WHEREFORE, Defendant Nationwide General Insurance Company hereby provides notice that this action is duly removed.

---

[8] *St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998).

[9] **Exhibit A**, Plaintiff's Original Petition, at ¶ VII.

[10] TEX. INS. CODE § 541.152.

[11] TEX. CIV. PRAC. & REM. CODE ANN. § 41.008(b); *see also Villareal*, 2015 WL 5838876 at *2 (noting that where a plaintiff seeks exemplary damages, "the judicial threshold requirement of $75,000 could be easily met[.]").

[12] *See* **Exhibit A**.

[13] *See H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 330 (5th Cir. 2000); *see also St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998).

        Respectfully submitted,

        */s/ Patrick M. Kemp*
        Patrick M. Kemp
        Texas Bar No. 24043751
        pkemp@smsm.com
        Robert G. Wall
        Texas Bar No. 24072411
        rwall@smsm.com
        Segal McCambridge Singer & Mahoney
        100 Congress Avenue, Suite 800
        Austin, Texas 78701
        (512) 476-7834
        (512) 476-7832 - Facsimile

        **ATTORNEYS FOR DEFENDANT**
        **NATIONWIDE GENERAL INSURANCE**
        **COMPANY**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing has been served upon the following counsel of record via certified mail, return receipt requested on this 29th day of November 2017 to:

Rudy Wattiez         *9414 7266 9904 2061 9342 20*
Law Office of Rudy Wattiez
2118 N. Main, Suite 102
San Antonio, Texas 78212
r_wattiez@yahoo.com

        */s/ Patrick M. Kemp*
        Patrick M. Kemp