# Exhibit A



# Notice of Service of Process

null / ALL
Transmittal Number: 17338576
Date Processed: 10/31/2017

| | |
|---|---|
| Primary Contact: | Service Process Team 3-11-309<br>Nationwide Mutual Insurance Company<br>Three Nationwide Plaza<br>Columbus, OH 43215 |
| Electronic copy provided to: | Cassandra Struble<br>Kevin Jones<br>Joshua Schonauer |
| Entity: | Nationwide General Insurance Company<br>Entity ID Number  3286564 |
| Entity Served: | Nationwide General Insurance Company |
| Title of Action: | Hossein & Ladan Manesh vs. Nationwide General Insurance Company |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Contract |
| Court/Agency: | Bexar County District Court, Texas |
| Case/Reference No: | 2017C119304 |
| Jurisdiction Served: | Texas |
| Date Served on CSC: | 10/31/2017 |
| Answer or Appearance Due: | 10:00 am Monday next following the expiration of 20 days after service |
| Originally Served On: | CSC |
| How Served: | Certified Mail |
| Sender Information: | Law Office of Rudy Wattiez<br>N/A |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674  (888) 690-2882  |  sop@cscglobal.com

Case Number: 2017-CI-19304

2017CI19304 S00002

**HOSSEIN & LADAN MANESH**

**vs.**

**NATIONWIDE GENERAL INSURANCE COMPANY**

(Note: Attached document may contain additional litigants).

**CITATION**

IN THE DISTRICT COURT
45th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

**"THE STATE OF TEXAS"**

**DIRECTED TO:**   NATIONWIDE GENERAL INSURANCE COMPANY

BY SERVING ITS REGISTERED AGENT, CORPORATION SERVICE COMPANY
211 E 7TH STREET 620
AUSTIN TX 78701-3218

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this CITATION and ORIGINAL PETITION AND REQUEST FOR DISCLOSURE, a default judgment may be taken against you." Said CITATION with ORIGINAL PETITION AND REQUEST FOR DISCLOSURE was filed on the 6th day of October, 2017.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 26TH DAY OF October A.D., 2017.

RUDY-RAUL WATTIEZ
ATTORNEY FOR PLAINTIFF
2118 N MAIN AVE 102
SAN ANTONIO, TX 78212-5851



**Donna Kay McKinney**
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas 78205

By: *Maria J Abilez*, Deputy

---

| HOSSEIN & LADAN MANESH<br>vs<br>NATIONWIDE GENERAL INSURANCE COMPANY | **Officer's Return** | Case Number: 2017-CI-19304<br>Court: 45th Judicial District Court |

Came to hand on the 26th day of October 2017, A.D., at 1:59 o'clock P.M. and EXECUTED (NOT EXECUTED) by CERTIFIED MAIL, on the _____ day of _____ 20____, by deilvering to: _____ at 211 E 7TH STREET 620 AUSTIN TX 78701-3218 a true copy of this Citation, upon which I endorsed that date of delivery, together with the accompanying copy of the CITATION with ORIGINAL PETITION AND REQUEST FOR DISCLOSURE.

Cause of failure to execute this Citation is _____.

**Donna Kay McKinney**
Clerk of the District Courts of
Bexar County, TX
By: *Maria J Abilez*, Deputy

ORIGINAL (DK003)

FILED
10/6/2017 1:41 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Krystal Gonzalez

Case 5:17-cv-01213-DAE   Document 1-1   Filed 11/29/17   Page 4 of 16



CAUSE NUMBER **2017CI19304**

| | | |
|---|---|---|
| Hossein & Ladan Manesh, | § | IN THE DISTRICT COURT OF |
| Plaintiffs, | § § § | |
| vs. | § | **45** JUDICIAL DISTRICT |
| Nationwide General Insurance Company, | § § § § | |
| Defendant | § § | BEXAR COUNTY, TEXAS |

### PLAINTIFFS' ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, **HOSSEIN & LADAN MANESH** (hereinafter referred to as ("PLAINTIFFS"), and file their first Original Petition against DEFENDANT, **NATIONWIDE GENERAL INSURANCE COMPANY** for cause of action would respectfully show the Court the following:

I.   Discovery

Pursuant to rule 190 of the Texas Rules of Civil Procedure, PLAINTIFFS intend to conduct discovery under Level 3.

II.   Service of Process

Defendant, **NATIONWIDE GENERAL INSURANCE COMPANY,** may be served with process by serving citation and a copy of this Original Petition by Certified Mail Return Receipt Requested on its agent for service: CHRIS GRANGER 15700 LONG VISTA DRIVE AUSTIN, TEXAS 78728 – 3822.

**NATIONWIDE GENERAL INSURANCE COMPANY** is in the business of insurance in the State of Texas. The insurance business done by **NATIONWIDE GENERAL INSURANCE COMPANY** in Texas includes, but is not limited to the following:

1. The making and issuing of contracts of insurance with the PLAINTIFFS;

2. The taking or receiving of application for insurance, including the PLAINTIFFS' application for insurance;

3. The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from the PLAINTIFFS;

4. The issuance or delivery of contracts of insurance to residents of this state or a person authorized to do business in this state, including the PLAINTIFFS;

5. The adjusting and inspection of PLAINTFFS' insurance claims;

6. Making insurance coverage decisions;

7. Taking part in making insurance coverage decisions; and

8. Making representations to PLAINTIFFS as being an agent for an insurance company with authority to make coverage decisions;

### III. Jurisdiction and Venue

Venue of this action is proper in BEXAR County, Texas because: the policy at issue was issued and delivered in BEXAR County, Texas; the property insured is situated in BEXAR County, Texas; PLAINTIFFS' losses occurred in BEXAR County, Texas, and all or part of the events made the basis of this lawsuit and giving rise to PLAINTIFFS' claims and causes of action occurred in BEXAR County, Texas.

IV.   Facts

NATIONWIDE GENERAL INSURANCE COMPANY and/or its agents committed the actions alleged by PLAINTIFFS in this complaint. PLAINTIFFS own the property located at 7807 CASTON PARK DR., SAN ANTONIO, TEXAS 78249-4122. POLICY NO. 7842HO874732, CLAIM NO. 059922-GD. NATIONWIDE GENERAL INSURANCE COMPANY provided coverage to the PLAINTIFFS for such building, personal property, and other matters under NATIOWIDE GENERAL INSURANCE COMPANY, insurance POLICY NO. 7842HO874732. During the term of said policy, PLAINTIFFS sustained covered losses in the form of multiple windstorm/hailstorm events including the windstorm of APRIL 29, 2016 in BEXAR County, and water damages resulting there from, including damage to the architectural finishes of the property. PLAINTIFFS promptly reported losses to NATIONWIDE GENERAL INSURANCE COMPANY pursuant to the terms of the insurance policy. As a result, PLAINTIFFS' property sustained damage, including the cost of destruction and restoration of the property necessary to access and fix the damaged areas. These are covered damages under PLAINTIFFS' insurance policy with NATIONWIDE GENERAL INSURANCE COMPANY. PLAINTIFFS have been damaged in an amount in excess of the minimum jurisdictional limits of this Court, including injuries sustained as a result of having conduct business during the pendency of NATIONWIDE GENERAL INSURANCE COMPANY conduct.

V.   Conditions Precedent

All notices and proofs of loss were timely and properly given to NATIONWIDE GENERAL INSURANCE COMPANY in such manner as to fully comply with the terms and conditions of the relevant insurance policies or other contracts and applicable law. More than

sixty days prior to the filing of this suit, written demand for payment and notice of complaint pursuant to Texas Insurance Code, section 541 and Business and Commerce Code section 17.505(a), was sent to **NATIONWIDE GENERAL INSURANCE COMPANY**. All of the conditions precedent to bring about this suit under the insurance policy have occurred. Despite the fact that all conditions precedent to PLAINTIFFS recovery has occurred and/ or has been performed, **NATIONWIDE GENERAL INSURANCE COMPANY** has failed and refused to pay PLAINTIFFS a just amount in accordance with their contractual obligations, agreements, and representations.

## VI. Breach of Contract

PLAINTIFFS purchased an insurance policy with **NATIONWIDE GENERAL INSURANCE COMPANY**. PLAINTIFFS' property was damaged by windstorm and water damage, of which are covered under the insurance policy. **NATIONWIDE GENERAL INSURANCE COMPANY** has denied and/or delayed payment of PLAINTIFFS' covered claims. **NATIONWIDE GENERAL INSURANCE COMPANY** has no reasonable basis for denying, delaying, or failing to pay PLAINTIFFS' claim for damages. **NATIONWIDE GENERAL INSURANCE COMPANY** knew or should have known that there was no such reasonable basis to deny, delay, and failure to pay such claim. The conduct of **NATIONWIDE GENERAL INSURANCE COMPANY** was irresponsible, and unconscionable. **NATIONWIDE GENERAL INSURANCE COMPANY** took advantage of the PLAINTIFFS' lack of sophistication in insurance and construction matters to a grossly unfair degree. **NATIONWIDE GENERAL INSURANCE COMPANY** has, by its conduct, breached its contract with the PLAINTIFFS. The conduct of **NATIONWIDE GENERAL INSURANCE COMPANY** has proximately caused the injuries and damages to the PLAINTIFFS.

## VII. Unfair Insurance Practices

**NATIONWIDE GENERAL INSURANCE COMPANY** failed to inform PLAINTIFFS of material facts such as the true scope of damage and cost to repair. **NATIONWIDE GENERAL INSURANCE COMPANY** failed to properly process claims and have misrepresented material facts to the PLAINTIFFS. **NATIONWIDE GENERAL INSURANCE COMPANY** has failed to address all damage to the property and its contents causing further damage to the PLAINTIFFS. Further, **NATIONWIDE GENERAL INSURANCE COMPANY** has intentionally failed to fully investigate the loss; failed to properly convey all information to PLAINTIFFS; and has intentionally ignored damages to the dwelling. PLAINTIFFS' property suffered from covered losses and damages of which **NATIONWIDE GENERAL INSURANCE COMPANY** are fully aware. **NATIONWIDE GENERAL INSURANCE COMPANY** has concealed damage known by them to exist. **NATIONWIDE GENERAL INSURANCE COMPANY** has known about covered windstorm and water damages but has failed to perform proper testing and concealed facts from PLAINTIFFS about the damages, ignoring PLAINTIFFS' pleas for help. **NATIONWIDE GENERAL INSURANCE COMPANY** has failed to warn PLAINTIFFS of consequential damage to their property.

By its conduct outlined above, **NATIONWIDE GENERAL INSURANCE COMPANY** committed unfair practices in the business of insurance prohibited by Chapter 541, Texas Insurance Code, and the statutes, rules and regulations incorporated therein. **NATIONWIDE GENERAL INSURANCE COMPANY** committed the following acts in violation of Texas Insurance Code and Texas Administrative Code:

(1)   **NATIONWIDE GENERAL INSURANCE COMPANY** failed to, with good faith, effectuate a prompt, fair, and equitable settlement of the PLAINTIFFS' claims once

liability became reasonable clear (Tex. Ins. Code Ann. 541.060(a)(2)(A); Tex. Ins. Code Ann. 542.003(b)(4); 28 TAC section 21.203(4));

(2) **NATIONWIDE GENERAL INSURANCE COMPANY** failed to provide promptly to PLAINTIFFS a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for denial of the claim or for the offer of a compromise settlement of the claim (Tex. Ins. Code Ann. 541.060(a)(3); 28 TAC section 21.203(9));

(3) **NATIONWIDE GENERAL INSURANCE COMPANY** refused to pay a claim without conducting a reasonable investigation with respect to that claim (Tex. Ins. Code Ann. 541.060(a)(7); TAC section 21.203(15));

(4) **NATIONWIDE GENERAL INSURANCE COMPANY** breached its duty of good faith and fair dealing at common law;

(5) **NATIONWIDE GENERAL INSURANCE COMPANY** failed within a reasonable time to affirm or deny coverage of a claim to a policyholder (Tex. Ins. Code Ann. 541.060(a)(4)(A); 28 TAC section 21.203(10));

(6) **NATIONWIDE GENERAL INSURANCE COMPANY** failed to adopt and implement reasonable standards for the prompt investigation of claims arising under the insurer's policies (Tex. Ins. Code Ann. 542. 003(b)(3); 28 TAC section 21.203(3));

(7) **NATIONWIDE GENERAL INSURANCE COMPANY** compelled PLAINTIFFS to institute a suit to recover an amount due under a policy by offering substantially less than the amount ultimately recovered in a suit brought by the policyholder (Tex. Ins. Code Ann. 542.003(b)(5); 28 TAC section 21.203(6);

(8) **NATIONWIDE GENERAL INSURANCE COMPANY** violated the Prompt Payment of Claims Statute (28 TAC section 21.203(18));

(9) **NATIONWIDE GENERAL INSURANCE COMPANY** undertook to enforce a full and final release of a claim from a policyholder when only a partial payment has been made, unless the payment is a compromise settlement of a doubtful or disputed claim (Tex. Ins. Code Ann. 541.060(a)(6); 28 TAC section 21.203(13));

(10) **NATIONWIDE GENERAL INSURANCE COMPANY** committed the following unfair methods of competition or deceptive acts or practices in the business of insurance in violation of Texas Insurance Code and the Texas Administrative Code by:

(a) **NATIONWIDE GENERAL INSURANCE COMPANY** made, issued or circulated or caused to be made, issued or circulated an estimate, illustration, circular or statement misrepresenting with respect to the policy issued or to be issued:

(i) the terms of the policy; and/or

(ii) the benefits or advantages promised by the policy.

(b) **NATIONWIDE GENERAL INSURANCE COMPANY** made an untrue statement of material fact (Tex. Ins. Code Ann. 541.060(a)(1); 28 TAC section 21.203(1));

(c) **NATIONWIDE GENERAL INSURANCE COMPANY** failed to state a material fact necessary to make other statements made not misleading considering the circumstances under which statements were made; and

(d) **NATIONWIDE GENERAL INSURANCE COMPANY** made statements in a manner that would mislead a reasonably prudent person to a false conclusion of material fact.

(e)     Refusing, failing, or unreasonably delaying a settlement offer under applicable first-party coverage on the basis that other coverage may be available or that third parties are responsible for the damages suffered, except as may be specifically provided in the policy (Tex. Ins. Code Ann 541.060(a)(5); 28 TAC section 21.203(11); and

(f)     Failing to respond promptly to a request by a claimant for personal contact about or review of the claim (28 TAC section 21.203(16)).

**NATIONWIDE GENERAL INSURANCE COMPANY** conduct as described herein was a producing cause of damages to PLAINTIFFS for which it sues.

### IX.     Breach of the Duty of Good Faith and Fair Dealing

From and after the time the PLAINTIFFS' claim was presented to **NATIONWIDE GENERAL INSURANCE COMPANY**, liability to pay the claim in accordance with the terms of insurance policies referenced above has been reasonably clear. Despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny and/or delay payment for PLAINTIFFS' claim, **NATIONWIDE GENERAL INSURANCE COMPANY** refused to accept the claim in totality and pay the PLAINTIFFS as the policy required. At that time, **NATIONWIDE GENERAL INSURANCE COMPANY** knew or should have known by the exercise of reasonable diligence that their liability was reasonably clear. **NATIONWIDE GENERAL INSURANCE COMPANY** failed to conduct a reasonable and proper inspection of the claim and refused to rely on the true facts, resorting instead to producing faulty, incomplete and biased reasons to avoid paying a valid claim. This constitutes failing to handle or process the PLAINTFFS' claim in good faith, an affirmative duty placed on the Defendant, as expressly stated by the Texas Supreme Court in *Vail v. Texas Farm Bureau*, 754 S.W.2d 129 at 135 (Tex.

1988). Through the actions described above, **NATIONWIDE GENERAL INSURANCE COMPANY** breached its duty to deal fairly and in good faith with the PLAINTIFFS. **NATIONWIDE GENERAL INSURANCE COMPANY** breach was a proximate cause of the losses, expenses and damages suffered by the PLAINTIFFS for which they sue.

                X.      Texas Insurance Code 542, Subchapter B Delay in Payment

PLAINTIFFS gave prompt notice of their claim to **NATIONWIDE GENERAL INSURANCE COMPANY** has engaged in unfair settlement claim practices as discussed above and denied and/or has delayed payment on PLAINTIFFS claim. **NATIONWIDE GENERAL INSURANCE COMPANY** reliance on reports and estimates from its adjusters and investigating adjusters has been "merely pretextual" and unreasonable. **NATIONWIDE GENERAL INSURANCE COMPANY** investigation and use of adjusters' reports was an "outcome oriented investigation." **NATIONWIDE GENERAL INSURANCE COMPANY** failed to comply with the requirements of Chapter 542 listed herein:

(a)    Failing to notify PLAINTIFFS in writing, within 15 business days after receiving all of the items, statements, and forms required by the insurer to secure final proof of loss, of the acceptance or rejection of a claim; and/or

(b)    Failing to pay PLAINTIFFS' claim within 60 days of receiving all of the items, statements, and forms required by the insurer to secure final proof of loss, of the acceptance or rejection of a claim; and

(c)    Failing to request all of the items, statements and forms the Defendant reasonably believed at the time would be required from PLAINTIFFS to pay the claim within 15 days after receiving notice of the claim.

Pursuant to Texas Insurance Code Chapter 542, Subchapter B, PLAINTIFFS are entitled to recover from **NATIONWIDE GENERAL INSURANCE COMPANY** the statutory penalty of 18% per annum on all amounts due on PLAINTIFFS' claim, together with attorney's fees, for which they sue.

XI.

PLAINTIFFS allege that as to any terms, conditions, notices, or requests under the insurance contract, PLAINTIFFS have substantially complied and/or is excused. In the alternative, PLAINTIFFS make the allegation of waiver and/or estoppel as to every defense or exclusion plead by **NATIONWIDE GENERAL INSURANCE COMPANY** as to any exclusion, condition, or defense pled by **NATIONWIDE GENERAL INSURANCE COMPANY**, PLAINTIFFS would show that:

1. The clear and unambiguous language of the policy provides coverage for dwelling damage caused by windstorm and water damage, including the cost of access to fix the damaged areas. Any other construction of the language of the policy is void as against public policy;

2. Any other construction and its use by **NATIONWIDE GENERAL INSURANCE COMPANY** violates section 541 and 542 of the Texas Insurance Code and are void as against public policy;

3. Any other construction violates Art. 17.50 of the Texas Business and Commerce Code, is unconscionable, was procured by fraudulent inducement, and is void as against public policy;

4. Any other construction is otherwise void as against public policy, illegal, and volatiles state law and administrative rule and regulation;

5. The adoption of any other construction constitutes wrongful or bad faith cancellation and/or refusal to renew a portion of PLAINTIFFS' predecessor policy with **NATIONWIDE GENERAL INSURANCE COMPANY**. In this regard, PLAINTIFFS would show that their insurance policy was renewed uninterrupted for many years; and

6. The adoption of any other construction constitutes conduct in violation of the laws of this state, including section 541 and 542 of Texas Insurance Code is void as against public policy.

If this Court finds any ambiguity in the policy, the rules of construction of such policies mandate the construction and interpretation urged by PLAINTIFFS. In the alternative, **NATIONWIDE GENERAL INSURANCE COMPANY** is judicially, administratively, or equitably estopped from denying PLAINTIFFS' construction of the policy coverage at issue. To the extent that the wording of such policy does not reflect the true intent of all parties thereto, PLAINTIFFS plead the doctrine of mutual mistake requiring reformation.

XII.

WHEREFORE, PREMISES CONSIDERED, PLAINTIFFS respectfully request this Honorable Court for the following relief: That upon final hearing and trial hereof, this Honorable Court grant to the PLAINTIFFS such relief as to which they may show themselves justly entitled, either at law or in equity; either general or special, including declaratory judgment, judgment against the defendant for actual attorney's fees, cost of suit, Texas insurance code violations, statutory penalties, and prejudgment and post judgment interest, including judgment for damages under the facts set forth in this or any amended pleading in exceeding the minimal jurisdicted limits of the court.

## XIII.  JURY DEMAND

PLAINTIFFS request this Court empanel a jury to sit in the trial of this matter. The requisite jury fee will be paid as required by law.

## XIV. DAMAGES SOUGHT

PLAINTIFF seeks damages of less than $75,000, exclusive of interest and costs.

## XV. REQUEST FOR DISCLOSURE

Under Texas Rule of Civil Procedure 194, PLAINTIFFS request that **NATIONWIDE GENERAL INSURANCE COMPANY** disclose, within 50 days of the service of this request, the information or material described in Texas Rule of Civil Procedure 194.

Respectfully submitted,

**Law Office of Rudy Wattiez**
2118 N. Main, Suite 102
San Antonio, Texas 78212
Telephone: (210) 320-9284
Facsimile: (210) 320-9286

/S/RUDY WATTIEZ
State Bar No. 24037682
r_wattiez@yahoo.com

*ATTORNEY FOR HOSSEIN & LADAN MANESH*

**Donna Kay M<sup>c</sup>Kinney**
Bexar County District Clerk
101 W. Nueva, Suite 217
SAN ANTONIO, TEXAS 78205

*RETURN SERVICE REQUESTED*

7016 2070 0000 7520 6379

U.S. POSTAGE ⟫ PITNEY BOWES
ZIP 78207 $ 007.50
02 4W
0000350844 OCT. 27. 2017.

NATIONWIDE GENERAL INSURANCE COMPANY
C/O CORPORATION SERVICE COMPANY
211 E 7TH STREET 620
AUSTIN, TX 78701-3218

2017CI19304  10/26/2017  CITCM  MARIA J ABILEZ